UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT TRACEY SPENCER,

    Plaintiff,

  v.

CAROL PORTER,

    Defendant.

Case No. C06-5310 RJB/KLS

ORDER TO AMEND THE COMPLAINT

    This civil rights action has been referred to Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff was given leave to proceed *in forma pauperis.*  The Court, having reviewed plaintiff's complaint, and the balance of the record contained herein, does hereby find and ORDER as follows:

    The Court declines to order that plaintiff's complaint be served on defendants until he corrects the deficiencies identified below:

    (1)    It does not appear plaintiff has alleged a constitutional harm. To state a claim under 42 U.S.C. § 1983, the defendant must be a person acting under color of state law; and his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other*

ORDER
Page 1

*grounds by* Daniels v. Williams, 474 U.S. 327 (1986).  Implicit in the second element is a third element of causation.  *See* Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 286-87 (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

In the present case, Plaintiff's only claim is a violation of the Eighth Amendment.   Plaintiff alleges that the prison medical staff was negligent in administering his medicine.  This allegation is insufficient to state a section 1983 claim.  The Eighth Amendment requires prison officials to take reasonable measures to guarantee the health and safety of inmates. Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); Farmer v. Brennan, 511 U.S. 825, 834 (1994).   An inmate claiming an Eighth Amendment violation relating to health care must show that the prison officials acted with deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  The plaintiff must prove both an objective and a subjective component. Hudson v. McMillan, 503 U.S. 1 (1992); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).  First, the alleged deprivation must be, objectively, "sufficiently serious." Farmer*,* 511 U.S. at 834.  A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency.  Helling v. McKinney, 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059.  Second, the prison officials must be deliberately indifferent to the risk of harm to the inmate.  Farmer, 511 U.S. at 834.  An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." Id*.* at 837.  Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. Id. at 835.  In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known.  *See* Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  If one of the components is not established, the court need not inquire as to the existence of the other.  Helling, 509 U.S. 25.

ORDER
Page 2

Prison authorities have "wide discretion" in the medical treatment afforded prisoners. Stiltner v. Rhay, 371 F.2d 420, 421 (9th Cir. 1971), *cert. denied*, 387 U.S. 922 (1972). To prevail on an Eighth Amendment medical claim, the plaintiff must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996), *cert. denied*, 519 U.S. 1029. A claim of mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Simple malpractice, or even gross negligence, does not constitute deliberate indifference. McGuckin, 974 F.2d at 1059. Similarly, a difference of opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to a § 1983 claim. Franklin, 662 F.2d at 1344; Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

(2)   Plaintiff is instructed to file an amended complaint curing, if possible, the above-mentioned defect by **August 1, 2006.** If an amended complaint is not timely filed, or if plaintiff fails to adequately correct the deficiencies identified in this Order, the Court will recommend dismissal of this action as frivolous.

(3)   The Clerk is directed to send plaintiff a copy of this Order and the General Order.

DATED this 3rd, July, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page 3