UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT TRACEY SPENCER,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROL PORTER,<br><br>    Defendant. | Case No. C06-5310 RJB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**SEPTEMBER 8, 2006** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff was given leave to proceed *in forma pauperis*. On July 5, 2006, plaintiff filed his complaint alleging medical negligence. Plaintiff was ordered to amend his complaint, which he has failed to do. This report follows, recommending that his complaint be dismissed with prejudice.

DISCUSSION

Following its initial review of the plaintiff's complaint, the court noted that plaintiff failed to allege a constitutional harm. To state a claim under 42 U.S.C. § 1983, the defendant must be a person acting under color of state law; and his conduct must have deprived the plaintiff of rights,

REPORT AND RECOMMENDATION - 1

privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986). Implicit in the second element is a third element of causation. *See* Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 286-87 (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

In this case, Plaintiff's only claim is a violation of the Eighth Amendment. Plaintiff alleges that the prison medical staff was negligent in administering his medicine. This allegation is insufficient to state a section 1983 claim. The Eighth Amendment requires prison officials to take reasonable measures to guarantee the health and safety of inmates. Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); Farmer v. Brennan, 511 U.S. 825, 834 (1994). An inmate claiming an Eighth Amendment violation relating to health care must show that the prison officials acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The plaintiff must prove an objective and a subjective component. Hudson v. McMillan, 503 U.S. 1 (1992); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). First, the alleged deprivation must be, objectively, "sufficiently serious." Farmer, 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. Helling v. McKinney, 509 U.S. 25, 32-35 (1993); McGuckin, 974 F.2d at 1059. Second, the prison officials must be deliberately indifferent to the risk of harm to the inmate. Farmer, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. Id. at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See* Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). If one of the components is not established, the court need not inquire as to the existence of the other. Helling, 509 U.S. 25.

REPORT AND RECOMMENDATION - 2

Prison authorities have "wide discretion" in the medical treatment afforded prisoners. Stiltner v. Rhay, 371 F.2d 420, 421 (9th Cir. 1971), *cert. denied*, 387 U.S. 922 (1972). To prevail on an Eighth Amendment medical claim, the plaintiff must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996), *cert. denied*, 519 U.S. 1029. A claim of mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Simple malpractice, or even gross negligence, does not constitute deliberate indifference. McGuckin, 974 F.2d at 1059. Similarly, a difference of opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to a § 1983 claim. Franklin, 662 F.2d at 1344; Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

Accordingly, plaintiff was instructed to file an amended complaint curing, if possible, the above-mentioned defect by August 1, 2006. He was further advised that if he failed to adequately correct the deficiencies identified in the court's order, the court would recommended dismissal of his action as frivolous. Plaintiff did not file an amended complaint by the August 1 deadline nor did he seek an extension of the deadline.

## CONCLUSION

Plaintiff was ordered to amend his complaint. (Dkt. # 6). Plaintiff has not complied with the court's order nor has he sought an extension of the deadline. The court recommends the action be **DISMISSED WITH PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time

REPORT AND RECOMMENDATION - 3

1  limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 8, 2006**, as noted in the caption.

    DATED this  10th   day of August, 2006.

                                                    /s/ Karen L. Strombom
                                                    Karen L. Strombom
                                                    United States Magistrate Judge

REPORT AND RECOMMENDATION - 4